

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

JJD/RAT/PGS
F. #2015R00098

*610 Federal Plaza*
*Central Islip, New York 11722*

April 18, 2016

<u>By Hand and ECF</u>
The Honorable Joseph F. Bianco
United States District Judge
United States District Court
Eastern District of New York
1040 Federal Plaza
Central Islip, New York

> Re:   United States v. Cerna et al.
>       Criminal Docket No.: 15-087 (S-2)(JFB)

Dear Judge Bianco:

In connection with the upcoming trial of the defendants Sergio Cerna and Edwin Acosta-Martinez, the government writes to request that the Court: (1) execute the protective order regarding the exhibits, 18 U.S.C. § 3500 ("§ 3500") and <u>Giglio</u> materials to be provided for the upcoming trial, which is attached hereto as Exhibit 1; (2) give limiting instructions at the appropriate times during the trial, regarding evidence of racketeering activities, the defendants' pretrial incarceration, and Cerna being on parole, which are attached hereto as Exhibit 2; and (3) use the redacted, trial-version of the indictment prepared by the government, which is attached hereto as Exhibit 3.

## I.   <u>Protective Order</u>

Pursuant to Federal Rule of Criminal Procedure 16(d)(1), the government hereby moves the Court to issue a protective order directing that defense counsel, or anyone acting under the direction of defense counsel, not reproduce, distribute or otherwise disseminate the exhibits, § 3500 and <u>Giglio</u> materials to be provided for the upcoming trial of the defendants, and that the defendants not be permitted to bring the exhibits, § 3500 and <u>Giglio</u> materials back to the institution where they are incarcerated.  <u>See</u> Exhibit 1.

As the Court is aware, the defendants are self-admitted members of La Mara Salvatrucha, also known as the MS-13 street gang ("MS-13"), who are charged with serious offenses, including three murders, attempted murders, assaults and related conspiracy and firearms offenses. The exhibits, § 3500 and <u>Giglio</u> materials in this case will reveal, <u>inter</u>

alia, that several former members of the MS-13, as well as eyewitnesses and victims, have cooperated with law enforcement authorities.  Given that the MS-13 is a violent international criminal organization that has repeatedly murdered, assaulted and threatened members and associates believed to be cooperating with law enforcement authorities, any unnecessary disclosure of the exhibits, § 3500 and Giglio materials in this case will endanger the safety of the witnesses and their families.  Moreover, as described in other submissions to the Court, including, without limitation, the government's application for an anonymous and partially sequestered jury, members of the MS-13 repeatedly have attempted to subvert the justice process by threatening, tampering with, and, in several cases, retaliating against prospective government witnesses.  As such, the government submits that the attached protective order is a necessary precaution.

## II.   Limiting Instructions

### A.   Evidence Regarding Racketeering Activity

During its case-in-chief, the government intends to offer evidence of criminal acts, including acts and threats involving murder, robbery, narcotics trafficking, extortion, witness tampering and witness retaliation, carried out by members and associates of the MS-13.  This evidence is necessary to establish that the MS-13 was involved in the racketeering activities alleged in the indictment.  In order to ensure that the jurors clearly understand the limited purpose for which this evidence is offered and that the defendants are not alleged to have been personally involved in a number of those crimes, the government respectfully requests that the Court give the enclosed limiting instruction at the appropriate times during the trial.  See Exhibit 2.

### B.   Defendants' Pretrial Incarceration

Additionally, during the course of the upcoming trial, certain evidence may be introduced that reveals that the defendants were incarcerated pending trial.  For example, witnesses may testify regarding conversations they had with one or both of the defendants, while the witnesses and defendants were incarcerated, wherein the defendants made admissions regarding their membership in the MS-13 and/or the charged offenses.  In order to ensure that neither defendant suffers any prejudice as a result of evidence revealing pre-trial incarceration, the government respectfully requests that the Court give the enclosed limiting instruction at the appropriate times.  See Exhibit 2.

### C.   Evidence that Cerna Was on Parole

Further, during the course of the upcoming trial, certain evidence may be introduced that reveals that the defendant Sergio Cerna was on parole between October 2009 and April 2011.  Specifically, witnesses will testify that, while Cerna was on parole, he did not carry out any shootings for the MS-13, but, as soon as his parole terminated, he committed the May 12, 2011 attempted murder and assault of John Doe #2.  In order to

ensure that Cerna does not suffer any prejudice as a result of evidence revealing that he was on parole, the government respectfully requests that the Court give the enclosed limiting instruction at the appropriate times.  See Exhibit 2.

## III.    Trial Indictment

Finally, the government has prepared a redacted, trial-version of the indictment to be used during the trial, which only includes the counts applicable to the trial defendants, and removes the name and charges that were only applicable to the co-defendant, who pled guilty.  See Exhibit 3.  The remaining counts have been renumbered and the corresponding references to other counts have been updated.

Respectfully submitted,

ROBERT L. CAPERS
United States Attorney

By:    _____
John J. Durham
Raymond A. Tierney
Paul G. Scotti
Assistant U.S. Attorneys
(631) 715-7851/7849/7836

cc:    Clerk of the Court (JFB) (By ECF)
Peter Brill, Esq. (By email and ECF)
Joseph F. Ferrante, Esq. (By email and ECF)

3

**EXHIBIT 1**

(Protective Order)

JJD/RAT/PGS
F.#2015R00098

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - against -

SERGIO CERNA,
    also known as "Taz" and
    "Lechon," and
EDWIN ACOSTA-MARTINEZ,
    also known as "Scarface,"

        Defendants.

- - - - - - - - - - - - - - - - X

<u>O R D E R</u>

15-CR-087 (S-2)(JFB)

      Upon the application of ROBERT L. CAPERS, United States Attorney for the Eastern District of New York, by Assistant United States Attorneys John J. Durham, Raymond A. Tierney and Paul G. Scotti, it is hereby:

      **ORDERED** that counsel for the defendants, or anyone acting under the direction of defense counsel, may not reproduce, distribute or otherwise disseminate the exhibits, 18 U.S.C. § 3500 and <u>Giglio</u> materials, which will be provided in connection with the upcoming trial;

      **ORDERED** that the defendants not be permitted to bring the exhibits, 18 U.S.C. § 3500 and <u>Giglio</u> materials, or copies thereof, back to the institution(s) in which they are incarcerated; and

**ORDERED** that nothing in this Order shall prohibit: (a) defense counsel from reproducing and sharing the exhibits, 18 U.S.C. § 3500 and Giglio materials with others acting under the direction of defense counsel; or (b) defense counsel, or others acting under the direction of defense counsel, from displaying or discussing the content of such exhibits, 18 U.S.C. § 3500 and Giglio materials with other persons; provided however, that the restrictions set forth in this Order shall apply to those individuals acting under the direction of defense counsel.

Dated:      Central Islip, New York
            _____, 2016


                            _____
                            THE HONORABLE JOSEPH F. BIANCO
                            UNITED STATES DISTRICT JUDGE
                            EASTERN DISTRICT OF NEW YORK

**EXHIBIT 2**
(Government's Proposed Limiting Instructions)

## Evidence of Racketeering Activities

Members of the jury, the indictment in this case alleges that the MS-13 is a racketeering enterprise.   In order to qualify as a racketeering enterprise, an organization must engage in one or more activities designated as racketeering activities.

Here, the indictment alleges that the MS-13 engaged in a number of racketeering activities, including acts and threats involving murder, robbery, narcotics trafficking, extortion, witness tampering and witness retaliation, in violation of the laws of the State of New York and/or the United States.

One of the elements that the government must prove beyond a reasonable doubt is that the MS-13 engaged in these racketeering activities. Thus, you may hear evidence about crimes allegedly committed by members and associates of the MS-13 who are not on trial.   The indictment does not allege, and need not allege, that these defendants personally participated in these crimes.   Indeed, the government does not contend that the defendants were personally involved in all of these crimes.

Any evidence permitted in this case relating to such racketeering activities is offered solely to establish the nature of the alleged enterprise, the MS-13.   It has no bearing on these defendants personally and should not be considered for any other reason.

## Evidence of Defendants' Pretrial Incarceration

Members of the jury, you may hear evidence that the defendants were incarcerated while pending trial.   The fact that the defendants may have been incarcerated pending trial has no bearing on the issue of guilt.   You are instructed to ignore that fact in determining whether the government has satisfied its burden of proof as to the charges in the indictment.

Evidence that Cerna Was on Parole
----------------------------------

      Members of the jury, you may hear evidence that the defendant Sergio Cerna was on parole between October 2009 and April 2011.   The fact that Mr. Cerna was on parole has no bearing on the issue of guilt.   You are instructed to ignore that fact in determining whether the government has satisfied its burden of proof as to the charges in the indictment.

**<u>EXHIBIT 3</u>**

**(Trial Indictment)**

NB:JJD/RAT
F.#2015R00098

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

– – – – – – – – – – – – – – – – – – X

UNITED STATES OF AMERICA

    - against -

SERGIO CERNA,
    also known as "Taz" and "Lechon," and
EDWIN ACOSTA-MARTINEZ,
    also known as "Scarface,"

              Defendants.

– – – – – – – – – – – – – – – – – – X

S U P E R S E D I N G
I N D I C T M E N T

Cr. No. <u>15-087 (S-2)(JFB)</u>
(T. 18, U.S.C., §§ 924(c)(1)(A)(i),
  924(c)(1)(A)(ii), 924(c)(1)(A)(iii),
  924(c)(1)(C), 924(j)(1), 1512(a)(1)(C),
  1512(a)(3)(B)(i), 1959(a)(1),
  1959(a)(3), 1959(a)(5), 1962(c),
  1962(d), 1963, 2 and 3551 <u>et seq</u>.)

THE GRAND JURY CHARGES:

<div align="center">INTRODUCTION</div>

      At all times relevant to this Superseding Indictment, unless otherwise indicated:

<div align="center">The Enterprise</div>

      1.    La Mara Salvatrucha, also known as the "MS-13," (hereinafter the "MS-13" or the "enterprise") was a street gang comprised primarily of immigrants from Central America, with members located throughout Long Island, New York, Queens, New York and elsewhere.  Members and associates of the MS-13 have engaged in acts of violence, including murder, attempted murder, robbery and assault, as well as other criminal activity, including narcotics trafficking, extortion, witness tampering and witness retaliation.

2.      The defendants SERGIO CERNA, also known as "Taz" and "Lechon," and EDWIN ACOSTA-MARTINEZ, also known as "Scarface," were members of the MS-13.

3.      The MS-13, including its leadership, membership and associates, constituted an "enterprise" as defined by Title 18, United States Code, Section 1961(4), that is, a group of individuals associated in fact. The enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise. The enterprise was engaged in, and its activities affected, interstate and foreign commerce.

### Purposes of the Enterprise

4.      The purposes of the enterprise included the following:

a.      Promoting and enhancing the prestige, reputation and position of the enterprise with respect to rival criminal organizations.

b.      Preserving and protecting the power, territory and criminal ventures of the enterprise through the use of intimidation, threats of violence and acts of violence, including assault and murder.

c.      Keeping victims and rivals in fear of the enterprise and its members and associates.

d.      Enriching the members and associates of the enterprise through criminal activity, including robbery, extortion and narcotics trafficking.

e.      Ensuring discipline within the enterprise and compliance with the enterprise's rules by members and associates through threats of violence and acts of violence.

2

### Means and Methods of the Enterprise

5.     Among the means and methods by which the defendants and their associates conducted and participated in the conduct of the affairs of the enterprise were the following:

a.     Members of the MS-13 and their associates committed, attempted to commit and threatened to commit acts of violence, including murder, attempted murder, robbery and assault, to enhance the enterprise's prestige and protect and expand the enterprise's criminal operations.

b.     Members of the MS-13 and their associates used and threatened to use physical violence against various individuals, including members of rival criminal organizations and MS-13 members who violated the enterprise's rules.

c.     Members of the MS-13 and their associates used, attempted to use and conspired to use robbery, extortion and narcotics trafficking as means of obtaining money.

### COUNT ONE
(Racketeering)

6.     The allegations contained in paragraphs one through five are realleged and incorporated as if fully set forth in this paragraph.

7.     On or about and between January 1, 2006 and the date of this Superseding Indictment, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants SERGIO CERNA, also known as "Taz" and "Lechon," and EDWIN ACOSTA-MARTINEZ, also known as "Scarface," together with others, being persons employed by and associated with the MS-13, an enterprise engaged in,

3

and the activities of which affected, interstate and foreign commerce, did knowingly and intentionally conduct and participate, directly and indirectly, in the conduct of the affairs of the MS-13 through a pattern of racketeering activity, as that term is defined by Title 18, United States Code, Sections 1961(1) and 1961(5), consisting of the racketeering acts set forth below.

<div align="center">RACKETEERING ACT ONE</div>
<div align="center">(Conspiracy to Murder Rival Gang Members and Attempted Murder of John Doe #1)</div>

8.    The defendant SERGIO CERNA, together with others, committed the following acts, either one of which alone constitutes Racketeering Act One:

A.    <u>Conspiracy to Murder</u>

9.    In or about May 2011, within the Eastern District of New York, the defendant SERGIO CERNA, together with others, did knowingly and intentionally conspire to cause the death of one or more rival gang members, in violation of New York Penal Law Sections 125.25(1) and 105.15.

B.    <u>Attempted Murder</u>

10.    On or about May 12, 2011, within the Eastern District of New York, the defendant SERGIO CERNA, together with others, did knowingly and intentionally attempt to cause the death of another person, to wit: John Doe #1, an individual whose identity is known to the Grand Jury, in violation of New York Penal Law Sections 125.25(1), 110.00 and 20.00.

<div align="center">4</div>

### RACKETEERING ACT TWO
(Attempted Murder of John Doe #2)

11.     On or about September 11, 2011, within the Eastern District of New York, the defendant SERGIO CERNA, together with others, did knowingly and intentionally attempt to cause the death of another person, to wit: John Doe #2, an individual whose identity is known to the Grand Jury, in violation of New York Penal Law Sections 125.25(1), 110.00 and 20.00.

### RACKETEERING ACT THREE
(Conspiracy to Murder Rival Gang Members)

12.     In or about October 2011, within the Eastern District of New York, the defendant SERGIO CERNA, together with others, did knowingly and intentionally conspire to cause the death of one or more rival gang members, in violation of New York Penal Law Sections 125.25(1) and 105.15.

### RACKETEERING ACT FOUR
(Conspiracy to Murder Rival Gang Members and Murder of Brandon Sotomayor)

13.     The defendant EDWIN ACOSTA-MARTINEZ, together with others, committed the following acts, either one of which alone constitutes Racketeering Act Four:

A.     Conspiracy to Murder

14.     In or about November 2011, within the Eastern District of New York, the defendant EDWIN ACOSTA-MARTINEZ, together with others, did knowingly and intentionally conspire to cause the death of one or more rival gang members, in violation of New York Penal Law Sections 125.25(1) and 105.15.

B.   <u>Murder</u>

15.   On or about November 2, 2011, within the Eastern District of New York, the defendant EDWIN ACOSTA-MARTINEZ, together with others, with intent to cause the death of another person, to wit: Brandon Sotomayor, did knowingly and intentionally cause his death, in violation of New York Penal Law Sections 125.25(1) and 20.00.

<div align="center">

RACKETEERING ACT FIVE
(Murder and Conspiracy to Murder Enston Ceron)

</div>

16.   The defendant SERGIO CERNA, together with others, committed the following acts, either one of which alone constitutes Racketeering Act Five:

A.   <u>Conspiracy to Murder</u>

17.   In or about and between November 2011 and December 2011, both dates being approximate and inclusive, within the Eastern District of New York, the defendant SERGIO CERNA, together with others, did knowingly and intentionally conspire to cause the death of Enston Ceron, in violation of New York Penal Law Sections 125.25(1) and 105.15.

B.   <u>Murder</u>

18.   On or about December 18, 2011, within the Eastern District of New York, the defendant SERGIO CERNA, together with others, with intent to cause the death of another person, to wit: Enston Ceron, did knowingly and intentionally cause his death, in violation of New York Penal Law Sections 125.25(1) and 20.00.

<div align="center">

RACKETEERING ACT SIX

(Murder and Conspiracy to Murder Ricardo Ceron)

</div>

19.     The defendant SERGIO CERNA, together with others, committed the following acts, either one of which alone constitutes Racketeering Act Six:

A.     <u>Conspiracy to Murder</u>

20.     In or about and between November 2011 and December 2011, both dates being approximate and inclusive, within the Eastern District of New York, the defendant SERGIO CERNA, together with others, did knowingly and intentionally conspire to cause the death of Ricardo Ceron, in violation of New York Penal Law Sections 125.25(1) and 105.15.

B.     <u>Murder</u>

21.     On or about December 18, 2011, within the Eastern District of New York, the defendant SERGIO CERNA, together with others, with intent to cause the death of another person, to wit: Ricardo Ceron, did knowingly and intentionally cause his death, in violation of New York Penal Law Sections 125.25(1) and 20.00.

<div align="center">

RACKETEERING ACT SEVEN

(Attempted Murder of John Doe #3 and Obstruction of Justice)

</div>

22.     The defendant SERGIO CERNA, together with others, committed the following acts, either one of which alone constitutes Racketeering Act Seven:

A.     <u>Attempted Murder</u>

23.     On or about December 18, 2011, within the Eastern District of New York, the defendant SERGIO CERNA, together with others, did knowingly and intentionally attempt to cause the death of another person, to wit: John Doe #3, an

<div align="center">

7

</div>

individual whose identity is known to the Grand Jury, in violation of New York Penal Law Sections 125.25(1), 110.00 and 20.00.

B.     Obstruction of Justice Attempted Murder

24.     On or about December 18, 2011, within the Eastern District of New York, the defendant SERGIO CERNA, together with others, did knowingly and intentionally attempt to kill another person, to wit: John Doe #3, with intent to prevent the communication by such person to a law enforcement officer of the United States of information relating to the commission and possible commission of a federal offense, in violation of Title 18, United States Code, Sections 1512(a)(1)(C), 1512(a)(3)(B)(i) and 2.

RACKETEERING ACT EIGHT
(Conspiracy to Murder Rival Gang Members and Attempted Murder of John Doe #4)

25.     The defendant EDWIN ACOSTA-MARTINEZ, together with others, committed the following acts, either one of which alone constitutes Racketeering Act Eight:

A.     Conspiracy to Murder

26.     In or about December 2011, within the Eastern District of New York, the defendant EDWIN ACOSTA-MARTINEZ, together with others, did knowingly and intentionally conspire to cause the death of one or more members of the rival Latin Kings street gang, in violation of New York Penal Law Sections 125.25(1) and 105.15.

B.     Attempted Murder

27.     On or about December 22, 2011, within the Eastern District of New York, the defendant EDWIN ACOSTA-MARTINEZ, together with others, did knowingly and intentionally attempt to cause the death of another person, to wit: John Doe #4, an

8

individual whose identity is known to the Grand Jury, in violation of New York Penal
Law Sections 125.25(1), 110.00 and 20.00.

### RACKETEERING ACT NINE
(Hobbs Act Robbery Conspiracy)

28.     On or about and between November 1, 2011 and February 28, 2012,
both dates being approximate and inclusive, within the Eastern District of New York, the
defendant EDWIN ACOSTA-MARTINEZ, together with others, did knowingly and
intentionally conspire to obstruct, delay and affect commerce, and the movement of articles
and commodities in commerce, by robbery, to wit: the robbery of proceeds from commercial
establishments in Nassau and Suffolk County, New York, from the employees of such
commercial establishments, in violation of Title 18, United States Code, Section 1951(a).

(Title 18, United States Code, Sections 1962(c), 1963 and 3551 et seq.)

### COUNT TWO
(Racketeering Conspiracy)

29.     The allegations contained in paragraphs one through five are realleged
and incorporated as if fully set forth in this paragraph.

30.     On or about and between January 1, 2006 and the date of this
Superseding Indictment, both dates being approximate and inclusive, within the Eastern Dis-
trict of New York and elsewhere, the defendants SERGIO CERNA, also known as "Taz" and
"Lechon," and EDWIN ACOSTA-MARTINEZ, also known as "Scarface," together with
others, being persons employed by and associated with the MS-13, an enterprise engaged in,
and the activities of which affected, interstate and foreign commerce, did knowingly and
intentionally conspire to violate Title 18, United States Code, Section 1962(c), that is, to

9

conduct and participate, directly and indirectly, in the conduct of the affairs of the enterprise through a pattern of racketeering activity, as that term is defined in Title 18, United States Code, Sections 1961(1) and 1961(5).

31.     The pattern of racketeering activity through which the defendants SERGIO CERNA, also known as "Taz" and "Lechon," and EDWIN ACOSTA-MARTINEZ, also known as "Scarface," together with others, agreed to conduct the affairs of the enterprise consisted of the racketeering acts set forth in paragraphs Eight through Twenty-Eight of Count One of this Superseding Indictment, as Racketeering Acts One through Nine, which are realleged and incorporated as if fully set forth in this paragraph.  Each defendant agreed that he or a conspirator would commit at least two acts of racketeering in the conduct of the affairs of the enterprise.

(Title 18, United States Code, Sections 1962(d), 1963 and 3551 et seq.)

## COUNT THREE
(Conspiracy to Murder Rival Gang Members)

32.     At all times relevant to this Superseding Indictment, the MS-13, as more fully described in paragraphs one through five, which are realleged and incorporated as if fully set forth in this paragraph, including its leadership, membership and associates, constituted an "enterprise" as defined in Section 1959(b)(2) of Title 18, United States Code, that is, a group of individuals associated in fact that was engaged in, and the activities of which affected, interstate and foreign commerce.  The enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise.

33.   At all times relevant to this Superseding Indictment, the MS-13, through its members and associates, engaged in racketeering activity, as defined in Title 18, United States Code, Sections 1959(b)(1) and 1961(1), that is, acts and threats involving murder, extortion and robbery, in violation of the laws of the State of New York, witness tampering and witness retaliation, in violation of Title 18, United States Code, Sections 1512 and 1513, and narcotics trafficking, in violation of Title 21, United States Code, Sections 841 and 846.

34.   In or about May 2011, within the Eastern District of New York, the defendant SERGIO CERNA, also known as "Taz" and "Lechon," together with others, for the purpose of maintaining and increasing position in the MS-13, an enterprise engaged in racketeering activity, did knowingly and intentionally conspire to murder one or more rival gang members, in violation of New York Penal Law Sections 125.25(1) and 105.15.

(Title 18, United States Code, Sections 1959(a)(5) and 3551 et seq.)

## COUNT FOUR
(Attempted Murder of John Doe #1)

35.   The allegations contained in paragraphs one through five and thirty-two through thirty-three are realleged and incorporated as if fully set forth in this paragraph.

36.   On or about May 12, 2011, within the Eastern District of New York, the defendant SERGIO CERNA, also known as "Taz" and "Lechon," together with others, for the purpose of maintaining and increasing position in the MS-13, an enterprise engaged in racketeering activity, did knowingly and intentionally attempt to murder John Doe #1, in violation of New York Penal Law Sections 125.25(1), 110.00 and 20.00.

(Title 18, United States Code, Sections 1959(a)(5), 2 and 3551 et seq.)

11

## COUNT FIVE
(Assault of John Doe #1 with a Dangerous Weapon)

37.     The allegations contained in paragraphs one through five and thirty-two through thirty-three are realleged and incorporated as if fully set forth in this paragraph.

38.     On or about May 12, 2011, within the Eastern District of New York, the defendant SERGIO CERNA, also known as "Taz" and "Lechon," together with others, for the purpose of maintaining and increasing position in the MS-13, an enterprise engaged in racketeering activity, did knowingly and intentionally assault John Doe #1 with a dangerous weapon, to wit: a .38 caliber handgun, in violation of New York Penal Law Sections 120.05(2) and 20.00.

(Title 18, United States Code, Sections 1959(a)(3), 2 and 3551 et seq.)

## COUNT SIX
(Discharge of a Firearm During Crimes of Violence:
Murder Conspiracy, Attempted Murder and Assault of John Doe #1)

39.     The allegations contained in paragraphs one through five and thirty-two through thirty-three are realleged and incorporated as if fully set forth in this paragraph.

40.     On or about May 12, 2011, within the Eastern District of New York, the defendant SERGIO CERNA, also known as "Taz" and "Lechon," together with others, did knowingly and intentionally use and carry a firearm during and in relation to one or more crimes of violence, to wit: the crimes charged in Counts Three, Four and Five, and did knowingly and intentionally possess said firearm in furtherance of such crimes of violence, which firearm was brandished and discharged.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 924(c)(1)(A)(iii), 2 and 3551 et seq.)

## COUNT SEVEN
(Attempted Murder of John Doe #2)

41.　　The allegations contained in paragraphs one through five and thirty-two through thirty-three are realleged and incorporated as if fully set forth in this paragraph.

42.　　On or about September 11, 2011, within the Eastern District of New York, the defendant SERGIO CERNA, also known as "Taz" and "Lechon," together with others, for the purpose of maintaining and increasing position in the MS-13, an enterprise engaged in racketeering activity, did knowingly and intentionally attempt to murder John Doe #2, in violation of New York Penal Law Sections 125.25(1), 110.00 and 20.00.

(Title 18, United States Code, Sections 1959(a)(5), 2 and 3551 et seq.)

## COUNT EIGHT
(Assault of John Doe #2 with a Dangerous Weapon)

43.　　The allegations contained in paragraphs one through five and thirty-two through thirty-three are realleged and incorporated as if fully set forth in this paragraph.

44.　　On or about September 11, 2011, within the Eastern District of New York, the defendant SERGIO CERNA, also known as "Taz" and "Lechon," together with others, for the purpose of maintaining and increasing position in the MS-13, an enterprise engaged in racketeering activity, did knowingly and intentionally assault John Doe #2 with a dangerous weapon, to wit: a 9mm semi-automatic handgun, in violation of New York Penal Law Sections 120.05(2) and 20.00.

(Title 18, United States Code, Sections 1959(a)(3), 2 and 3551 et seq.)

13

## COUNT NINE
(Discharge of a Firearm During Crimes of Violence:
Attempted Murder and Assault of John Doe #2)

45.     The allegations contained in paragraphs one through five and thirty-two through thirty-three are realleged and incorporated as if fully set forth in this paragraph.

46.     On or about September 11, 2011, within the Eastern District of New York, the defendant SERGIO CERNA, also known as "Taz" and "Lechon," together with others, did knowingly and intentionally use and carry a firearm during and in relation to one or more crimes of violence, to wit: the crimes charged in Counts Seven and Eight, and did knowingly and intentionally possess said firearm in furtherance of such crimes of violence, which firearm was brandished and discharged.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 924(c)(1)(A)(iii), 924(c)(1)(C), 2 and 3551 et seq.)

## COUNT TEN
(Conspiracy to Murder Rival Gang Members)

47.     The allegations contained in paragraphs one through five and thirty-two through thirty-three are realleged and incorporated as if fully set forth in this paragraph.

48.     In or about October 2011, within the Eastern District of New York, the defendant SERGIO CERNA, also known as "Taz" and "Lechon," together with others, for the purpose of gaining entrance to and maintaining and increasing position in the MS-13, an enterprise engaged in racketeering activity, did knowingly and intentionally conspire to murder one or more rival gang members, in violation of New York Penal Law Sections 125.25(1) and 105.15.

(Title 18, United States Code, Sections 1959(a)(5) and 3551 et seq.)

14

## COUNT ELEVEN
(Conspiracy to Murder Rival Gang Members)

49.     The allegations contained in paragraphs one through five and thirty-two through thirty-three are realleged and incorporated as if fully set forth in this paragraph.

50.     In or about November 2011, within the Eastern District of New York and elsewhere, the defendant EDWIN ACOSTA-MARTINEZ, also known as "Scarface," together with others, for the purpose of gaining entrance to and maintaining and increasing position in the MS-13, an enterprise engaged in racketeering activity, did knowingly and intentionally conspire to murder one or more rival gang members, in violation of New York Penal Law Sections 125.25(1) and 105.15.

(Title 18, United States Code, Sections 1959(a)(5) and 3551 et seq.)

## COUNT TWELVE
(Murder of Brandon Sotomayor)

51.     The allegations contained in paragraphs one through five and thirty-two through thirty-three are realleged and incorporated as if fully set forth in this paragraph.

52.     On or about November 2, 2011, within the Eastern District of New York, the defendant EDWIN ACOSTA-MARTINEZ, also known as "Scarface," together with others, for the purpose of gaining entrance to and maintaining and increasing position in the MS-13, an enterprise engaged in racketeering activity, did knowingly and intentionally murder Brandon Sotomayor, in violation of New York Penal Law Sections 125.25(1) and 20.00.

(Title 18, United States Code, Sections 1959(a)(1), 2 and 3551 et seq.)

## COUNT THIRTEEN
(Discharge of Firearms During Crimes of Violence:
Brandon Sotomayor Murder and Murder Conspiracy)

53.     The allegations contained in paragraphs one through five and thirty-two through thirty-three are realleged and incorporated as if fully set forth in this paragraph.

54.     On or about November 2, 2011, within the Eastern District of New York, the defendant EDWIN ACOSTA-MARTINEZ, also known as "Scarface," together with others, did knowingly and intentionally use and carry one or more firearms during and in relation to one or more crimes of violence, to wit: the crimes charged in Counts Eleven and Twelve, and did knowingly and intentionally possess said firearms in furtherance of such crimes of violence, which firearms were brandished and discharged.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 924(c)(1)(A)(iii), 924(c)(1)(C), 2 and 3551 et seq.)

## COUNT FOURTEEN
(Causing the Death of Brandon Sotomayor Through the Use of a Firearm)

55.     The allegations contained in paragraphs one through five and thirty-two through thirty-three are realleged and incorporated as if fully set forth in this paragraph.

56.     On or about November 2, 2011, within the Eastern District of New York, defendant EDWIN ACOSTA-MARTINEZ, also known as "Scarface," together with others, in the course of a violation of Title 18, United States Code, Section 924(c), to wit: the crime charged in Count Thirteen, did knowingly and intentionally cause the death of a person through the use of a firearm, which killing was a murder as defined in Title 18, United States Code, Section 1111(a), in that the defendant, together with others, with malice aforethought,

16

did unlawfully kill Brandon Sotomayor willfully, deliberately, maliciously and with premeditation.

(Title 18, United States Code, Sections 924(j)(1), 2 and 3551 et seq.)

### COUNT FIFTEEN
(Conspiracy to Murder Enston Ceron and Ricardo Ceron)

57.     The allegations contained in paragraphs one through five and thirty-two through thirty-three are realleged and incorporated as if fully set forth in this paragraph.

58.     In or about and between November 2011 and December 2011, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant SERGIO CERNA, also known as "Taz" and "Lechon," together with others, for the purpose of gaining entrance to and maintaining and increasing position in the MS-13, an enterprise engaged in racketeering activity, did knowingly and intentionally conspire to murder Enston Ceron and Ricardo Ceron, in violation of New York Penal Law Sections 125.25(1) and 105.15.

(Title 18, United States Code, Sections 1959(a)(5) and 3551 et seq.)

### COUNT SIXTEEN
(Murder of Enston Ceron)

59.     The allegations contained in paragraphs one through five and thirty-two through thirty-three are realleged and incorporated as if fully set forth in this paragraph.

60.     On or about December 18, 2011, within the Eastern District of New York and elsewhere, the defendant SERGIO CERNA, also known as "Taz" and "Lechon," together with others, for the purpose of gaining entrance to and maintaining and increasing position in the MS-13, an enterprise engaged in racketeering activity, did knowingly and

17

intentionally murder Enston Ceron, in violation of New York Penal Law Sections 125.25(1)

and 20.00.

(Title 18, United States Code, Sections 1959(a)(1), 2 and 3551 et seq.)

### COUNT SEVENTEEN
(Discharge of Firearms During Crimes of Violence:
Enston Ceron Murder and Murder Conspiracy)

61.     The allegations contained in paragraphs one through five and thirty-two

through thirty-three are realleged and incorporated as if fully set forth in this paragraph.

62.     On or about December 18, 2011, within the Eastern District of New

York and elsewhere, the defendant SERGIO CERNA, also known as "Taz" and "Lechon,"

together with others, did knowingly and intentionally use and carry one or more firearms

during and in relation to one or more crimes of violence, to wit: the crimes charged in Counts

Fifteen and Sixteen, and did knowingly and intentionally possess said firearms in furtherance

of such crimes of violence, which firearms were brandished and discharged.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), 924(c)(1)(A)(ii),

924(c)(1)(A)(iii), 924(c)(1)(C), 2 and 3551 et seq.)

### COUNT EIGHTEEN
(Causing the Death of Enston Ceron
Through the Use of a Firearm)

63.     The allegations contained in paragraphs one through five and thirty-two

through thirty-three are realleged and incorporated as if fully set forth in this paragraph.

64.     On or about December 18, 2011, within the Eastern District of New

York and elsewhere, defendant SERGIO CERNA, also known as "Taz" and "Lechon,"

together with others, in the course of a violation of Title 18, United States Code, Section

924(c), to wit: the crime charged in Count Seventeen, did knowingly and intentionally cause the death of a person through the use of a firearm, which killing was a murder as defined in Title 18, United States Code, Section 1111(a), in that the defendant, together with others, with malice aforethought, did unlawfully kill Enston Ceron willfully, deliberately, maliciously and with premeditation.

(Title 18, United States Code, Sections 924(j)(1), 2 and 3551 et seq.)

### COUNT NINETEEN
(Murder of Ricardo Ceron)

65.     The allegations contained in paragraphs one through five and thirty-two through thirty-three are realleged and incorporated as if fully set forth in this paragraph.

66.     On or about December 18, 2011, within the Eastern District of New York and elsewhere, the defendant SERGIO CERNA, also known as "Taz" and "Lechon," together with others, for the purpose of gaining entrance to and maintaining and increasing position in the MS-13, an enterprise engaged in racketeering activity, did knowingly and intentionally murder Ricardo Ceron, in violation of New York Penal Law Sections 125.25(1) and 20.00.

(Title 18, United States Code, Sections 1959(a)(1), 2 and 3551 et seq.)

## COUNT TWENTY
### (Discharge of Firearms During Crimes of Violence:
### Ricardo Ceron Murder and Murder Conspiracy)

67.　　The allegations contained in paragraphs one through five and thirty-two

through thirty-three are realleged and incorporated as if fully set forth in this paragraph.

68.　　On or about December 18, 2011, within the Eastern District of New

York and elsewhere, the defendant SERGIO CERNA, also known as "Taz" and "Lechon,"

together with others, did knowingly and intentionally use and carry one or more firearms

during and in relation to one or more crimes of violence, to wit: the crimes charged in Counts

Fifteen and Nineteen, and did knowingly and intentionally possess said firearms in

furtherance of such crimes of violence, which firearms were brandished and discharged.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), 924(c)(1)(A)(ii),

924(c)(1)(A)(iii), 924(c)(1)(C), 2 and 3551 et seq.)

## COUNT TWENTY-ONE
### (Causing the Death of Ricardo Ceron
### Through the Use of a Firearm)

69.　　The allegations contained in paragraphs one through five and thirty-two

through thirty-three are realleged and incorporated as if fully set forth in this paragraph.

70.　　On or about December 18, 2011, within the Eastern District of New

York and elsewhere, defendant SERGIO CERNA, also known as "Taz" and "Lechon,"

together with others, in the course of a violation of Title 18, United States Code, Section

924(c), to wit: the crime charged in Count Twenty, did knowingly and intentionally cause the

death of a person through the use of a firearm, which killing was a murder as defined in Title

18, United States Code, Section 1111(a), in that the defendant, together with others, with

20

malice aforethought, did unlawfully kill Ricardo Ceron willfully, deliberately, maliciously and with premeditation.

(Title 18, United States Code, Sections 924(j)(1), 2 and 3551 et seq.)

## COUNT TWENTY-TWO
(Attempted Murder of John Doe #3)

71.     The allegations contained in paragraphs one through five and thirty-two through thirty-three are realleged and incorporated as if fully set forth in this paragraph.

72.     On or about December 18, 2011, within the Eastern District of New York, the defendant SERGIO CERNA, also known as "Taz" and "Lechon," together with others, for the purpose of gaining entrance to and maintaining and increasing position in the MS-13, an enterprise engaged in racketeering activity, did knowingly and intentionally attempt to murder John Doe #3, in violation of New York Penal Law Sections 125.25(1), 110.00 and 20.00.

(Title 18, United States Code, Sections 1959(a)(5), 2 and 3551 et seq.)

## COUNT TWENTY-THREE
(Assault of John Doe #3 with a Dangerous Weapon)

73.     The allegations contained in paragraphs one through five and thirty-two through thirty-three are realleged and incorporated as if fully set forth in this paragraph.

74.     On or about December 18, 2011, within the Eastern District of New York, the defendant SERGIO CERNA, also known as "Taz" and "Lechon," together with others, for the purpose of gaining entrance to and maintaining and increasing position in the MS-13, an enterprise engaged in racketeering activity, did knowingly and intentionally

assault John Doe #3 with a dangerous weapon, to wit: a 9mm semi-automatic handgun, in violation of New York Penal Law Sections 120.05(2) and 20.00.

(Title 18, United States Code, Sections 1959(a)(3), 2 and 3551 et seq.)

## COUNT TWENTY-FOUR
(Obstruction of Justice Attempted Murder)

75.     On or about December 18, 2011, within the Eastern District of New York, the defendant SERGIO CERNA, also known as "Taz" and "Lechon," together with others, did knowingly and intentionally attempt to kill another person, to wit: John Doe #3, with intent to prevent the communication by such person to a law enforcement officer of the United States of information relating to the commission and possible commission of a federal offense.

(Title 18, United States Code, Sections 1512(a)(1)(C), 1512(a)(3)(B)(i), 2 and 3551 et seq.)

## COUNT TWENTY-FIVE
(Discharge of Firearms During Crimes of Violence:
Attempted Murder and Assault of John Doe #3)

76.     The allegations contained in paragraphs one through five and thirty-two through thirty-three are realleged and incorporated as if fully set forth in this paragraph.

77.     On or about December 18, 2011, within the Eastern District of New York, the defendant SERGIO CERNA, also known as "Taz" and "Lechon," together with others, did knowingly and intentionally use and carry one or more firearms during and in relation to one or more crimes of violence, to wit: the crimes charged in Counts Twenty-Two, Twenty-Three and Twenty-Four, and did knowingly and intentionally possess said

22

firearms in furtherance of such crimes of violence, which firearms were brandished and discharged.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 924(c)(1)(A)(iii), 924(c)(1)(C), 2 and 3551 et seq.)

## COUNT TWENTY-SIX
### (Conspiracy to Murder Rival Gang Members)

78.     The allegations contained in paragraphs one through five and thirty-two through thirty-three are realleged and incorporated as if fully set forth in this paragraph.

79.     In or about December 2011, within the Eastern District of New York, the defendant EDWIN ACOSTA-MARTINEZ, also known as "Scarface," together with others, for the purpose of maintaining and increasing position in the MS-13, an enterprise engaged in racketeering activity, did knowingly and intentionally conspire to murder one or more members of the rival Latin Kings street gang, in violation of New York Penal Law Sections 125.25(1) and 105.15.

(Title 18, United States Code, Sections 1959(a)(5) and 3551 et seq.)

## COUNT TWENTY-SEVEN
### (Attempted Murder of John Doe #4)

80.     The allegations contained in paragraphs one through five and thirty-two through thirty-three are realleged and incorporated as if fully set forth in this paragraph.

81.     On or about December 22, 2011, within the Eastern District of New York, the defendant EDWIN ACOSTA-MARTINEZ, also known as "Scarface," together with others, for the purpose of maintaining and increasing position in the MS-13, an enterprise engaged in racketeering activity, did knowingly and intentionally attempt to

murder John Doe #4, in violation of New York Penal Law Sections 125.25(1), 110.00 and 20.00.

(Title 18, United States Code, Sections 1959(a)(5), 2 and 3551 et seq.)

## COUNT TWENTY-EIGHT
(Assault of John Doe #4 with a Dangerous Weapon)

82.    The allegations contained in paragraphs one through five and thirty-two through thirty-three are realleged and incorporated as if fully set forth in this paragraph.

83.    On or about December 22, 2011, within the Eastern District of New York, the defendant EDWIN ACOSTA-MARTINEZ, also known as "Scarface," together with others, for the purpose of maintaining and increasing position in the MS-13, an enterprise engaged in racketeering activity, did knowingly and intentionally assault John Doe #4 with a dangerous weapon, to wit: a handgun, in violation of New York Penal Law Sections 120.05(2) and 20.00.

(Title 18, United States Code, Sections 1959(a)(3), 2 and 3551 et seq.)

## COUNT TWENTY-NINE
(Discharge of Firearms During Crimes of Violence:
Murder Conspiracy, Attempted Murder and Assault of John Doe #4)

84.    The allegations contained in paragraphs one through five and thirty-two through thirty-three are realleged and incorporated as if fully set forth in this paragraph.

85.    On or about December 22, 2011, within the Eastern District of New York, the defendant EDWIN ACOSTA-MARTINEZ, also known as "Scarface," together with others, did knowingly and intentionally use and carry one or more firearms during and in relation to one or more crimes of violence, to wit: the crimes charged in Counts Twenty-Six, Twenty-Seven and Twenty-Eight, and did knowingly and intentionally possess said

24

firearms in furtherance of such crimes of violence, which firearms were brandished and discharged.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 924(c)(1)(A)(iii), 924(c)(1)(C), 2 and 3551 et seq.)

A TRUE BILL

_____

FOREPERSON

_____
ROBERT L. CAPERS
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

25